MARGARET THORNBURG
vs.
ELIZABETH MACAULEY ET AL. } July Term, 1849.

[ACTS OF ATTORNEY BINDING ON HIS CLIENT—SELECTION OF TRUSTEES—
PRACTICE.]

WHATEVER is done by the attorney in the progress of a cause, is considered as done by the authority of the client, and is binding on him.

In the selection of trustees, the court will always give due weight to the wishes of those who are chiefly interested in the result of the sales, and in creditors bills, the recommendation of a majority in amount, of creditors, is seldom disregarded.

In this case, *after* the decree for a sale, and appointing trustees for that purpose, had passed, creditors to a large amount came in, and, upon the ground of surprise, ask that the decree might be opened, and so far modified, as that a trustee named by them might be associated with the trustees already appointed. HELD—

That in the absence of any charge affecting the fitness of the trustees already appointed to discharge faithfully their trust, it would be establishing an inconvenient and embarrassing precedent to grant the application.

[The bill was filed in this case on the 15th of August, 1849, by the complainant, alleging, that a certain Patrick Macauley, of Baltimore county, had lately died intestate, possessed of valuable real and personal estate—that he was largely indebted unto different persons, and among others to the complainant—that administration on his personal estate had been duly granted unto Joseph J. Speed and Henry Webster, and that his said personal estate was wholly insufficient for the payment of his debts. The bill then prayed, that part of his real estate, lying in said county, consisting of a country seat, called *"Mondawmin,"* might be sold in aid of his personalty.

The answers which were filed on the 18th and 20th of the same month, all admitted the facts stated in the bill, and consented to the passage of a decree for a sale, and on the 22d, by agreement of all parties, the Chancellor signed a decree for a sale as prayed, and appointed said Speed and Webster trustees for that purpose.

On the 24th of the same month, a petition was filed in the

37*

cause, by the American Life Insurance Company, and John H. B. Latrobe, surviving trustee of Joseph Thornburg, deceased, alleging that the petitioners were creditors of the said Maçauley to a very large amount, the two claims amounting to $65,000, and constituting the greater part of the entire indebtedness of said Macauley. That each of said claims was in part secured by mortgages, long since due, upon the estate called "*Mondawmin.*" That each of said mortgages contains provisions for a decree under the act of 1833, though that act is inoperative, as respects "*Mondawmin,*" which is situated outside the limits of the city of Baltimore. That Mr. Latrobe, the solicitor of the petitioners, had determined to institute proceedings for a decree upon the said claims after the death of Mr. Macauley, but, from motives of delicacy, waited some time after that event, before taking steps in the matter. That shortly before the filing of this bill, he conversed with Mr. Webster, one of the trustees, in reference to said mortgages, and proposed that the sale should be made jointly, by trustees representing respectively the creditors and the family, and suggested himself and Mr. Speed for that purpose. That on the 20th of August, he again talked with Mr. Webster upon the same subject, and heard nothing from him in either conversation, of proceedings having been already instituted for a sale of the property : and that said solicitor first learnt that such was the case, at a time when it was too late to prevent the passage of the decree. They charged that the passage of said decree was altogether a surprise upon them, and that by reason of the great amount of their interest in the proceeds of sale, they are entitled to be heard in reference to the selection of the trustees to make sales. And disclaiming all personal objection to the present trustees, they pray that Mr. Latrobe may be associated with the said trustees, and that the decree may be opened for that purpose.

On the 28th of August, the trustees filed answers to this petition. They admit the indebtedness of Macauley's estate to the petitioners, and the facts in reference to the mortgages. They state that Mr. Webster, in his interviews with Mr. La-

trobe, never assented to his proposition, well knowing that it was the wish of Dr. Macauley's family, that the present trustees should receive the appointment. That Mr. Speed, in an interview with Mr. Latrobe on the 21st of August, expressed his willingness to withdraw from the case in his favor, if such should be the wish of the family. That the present trustees were especially retained by the family, and requested to act as trustees in making the sale. That the mortgage claim due to Mr. Latrobe, as surviving trustee of Thornburg's estate, in fact, belongs to the family connections of Dr. Macauley, and they refer to the petition of the said *cestui que trusts*, filed in the cause, praying that the said trustees should not be removed. They charge that the Insurance and Trust Company, by reason of the death of Dr. Macauley, one of its assignees, and its late president, is disabled to sue or retain counsel, and that Mr. Wilson, the secretary and active manager of said company, had sanctioned the proceedings of the trustees throughout, and approved of their appointment.

The matter of this petition was argued on the 5th of September, and on the 6th of the same month, the following opinion was delivered.]

THE CHANCELLOR:

The Chancellor entertained no doubt when the petition of Mr. Latrobe was filed, nor does he now, that the decree then recently passed was entirely within the control of the court, and that upon a proper case, it could be rescinded, or modified in any way which justice might require. He was equally satisfied then, and he is perfectly convinced now, that the petitioner was entitled to represent the creditors of the late Dr. Macauley, in whose behalf he appears, and this, not only because such is the legal presumption arising from the fact of his appearing for them, but because the evidence filed in the cause fully establishes his authority. The case of *Henck* vs. *Todhunter*, 7 *Har. & Johns.*, 275, is conclusive to show that whatever is done by the attorney in the progress of the cause is considered as done by the authority of the party, and is binding on him.

I consider, therefore, Mr. Latrobe as representing in law, and in fact, the American Life Insurance and Trust Company, and the estate of Joseph Thornburg, and though the assets of the former have been assigned, and some of the *cestui que trusts* of the latter, have declared their dissent to the prayer of the petition, I do not, on that account, conceive that he has no standing in court, or title to be heard. The proof shows that the surviving assignee of the company sanctions and approves of the course, and though some of the *cestui que trusts* of the estate of Joseph Thornburg do not concur with the petitioner, there are other parties interested who can only be represented by him.

I do not agree, however, with the petitioners' counsel in thinking, that if loss to the creditors represented by him occurs, in consequence of the proceedings in this case, that any responsibility for such loss would be thrown upon him. Of the jurisdiction of this court to decree a sale of the property there can be no doubt, and if loss should happen by reason of the neglect or default of the agents selected to make the sale, which, however, is by no means probable, as it is conceded by the petitioners that they are in every way worthy the confidence of the court, it would seem impossible to contend that such loss would fall upon a party, no way responsible for such selection. If there should be loss under such circumstances, it would be a misfortune incident to the administration of justice, but the fault of no one, and for which no one would be answerable.

The case then to be considered is simply this : a decree passed this court on the 22d of last month, for the sale of the real estate of the late Patrick Macauley, for the payment of his debts, upon an ascertained deficiency of the personal estate for that purpose, and trustees, representing the parties to the suit, are appointed to make the sale. Two days subsequently, creditors to a large amount come in, and upon the ground of surprise, ask that the decree may be so far modified, as that a trustee named by them, may be associated with the trustees already appointed. It is not denied, but on the contrary is admitted by the petition, and by the petitioners' counsel in his oral argument, that the trustees appointed by the decree, are every way

deserving the confidence of the court, and, therefore, it is not to be apprehended that loss will result to the creditors, or heirs at law of the deceased, by the refusal of the court to grant the application; and, therefore, so far as concerns those who are the peculiar objects of its care, no very urgent reason seems to exist for its interposition. It is true, that in the selection of trustees, this court, as has been observed upon several occasions, will always give due weight to the wishes of those who are interested in the result of the sales, and, that in creditors bills, the recommendation of a majority in amount is seldom disregarded. If, therefore, the creditors represented by Mr. Latrobe, had made their wishes known *prior to the decree*, it can scarcely be doubted that they would have been gratified. But they come *after the decree*, and without stating any circumstance affecting the fitness of the persons appointed by this court, to discharge faithfully the trust confided to them, they ask that the decree be opened, to let in a new trustee of their selection.

The Chancellor has carefully considered the subject, and has come to the conclusion that it would be establishing an inconvenient and embarrassing precedent to grant the application. There may have been some surprise in the matter, but I am fully persuaded, nothing was done by the parties, or their counsel, on either side, which can be regarded as indicating a disposition to secure an unfair advantage. Unless something of this sort is shown, and in the absence of any imputation against the capacity or fidelity of the trustees, it seems to me, upon mature reflection, it would be wrong to open the decree.

The petitioners' counsel, though not one of the trustees to make the sale, will, of course, observe the proceedings of those who are, and will, with his accustomed ability and diligence, superintend the interests of his clients, and, therefore, I can see no substantial ground upon which the decree can be disturbed. That the parties whose rights are to be affected will be likely to suffer, is not alleged, and hence, as I conceive, the prayer of the petition cannot be granted. The Chancellor thinks he can only look to the interests of the parties to the suit, and,

that unless some ground touching their rights can be shown, he would be making a bad precedent by opening a decree for the purpose asked.

Upon the whole, he thinks, the petition must be dismissed, and the trustees left at liberty to proceed, but under the circumstances of the case, costs will not be allowed.

JOHN H. B. LATROBE for Petitioners.
JOSEPH J. SPEED and HENRY WEBSTER for the Decree.